**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>DOUGLAS STEPHEN TAYLOR and<br>NOELLE DENISE TAYLOR | CHAPTER 13<br><br>CASE NO. 1:22-BK-00900-HWV<br><br>☐ ORIGINAL PLAN<br>1st AMENDED PLAN (indicate 1st, 2nd 3rd, etc.)<br><br>0 number of Motions to Avoid Liens<br>0 number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The Plan contains nonstandard provisions, set out in §9, which are not included in the standard Plan as approved by the US Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
| 2 | The Plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The Plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G. | ☐ Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

**1. PLAN FUNDING AND LENGTH OF PLAN**

    **A. Plan Payments from Future Income**

        1. To date, the Debtor paid $1,928.93 ($0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly Plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base Plan is $75,298.93 plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 08/2022 | 05/2027 | $1,265.00 | $0.00 | $1,265.00 | $73,370.00 |
| | | | | **Total Payments:** | $75,298.93 |

2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payment and the Plan funding. Debtor must pay all post-petition mortgage payments that have come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the Plan.

4. CHECK ONE:
☐ Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*
☒ Debtor is over median income. Debtor estimates that a minimum of $85,612.80 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding from Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $7,926.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances is before the deduction of Trustee fees and priority claims.)

    CHECK ONE:
    ☒ No assets will be liquidated. *If this line is checked, skip §1.B.2 and complete §1.B.3, if applicable.*
    ☐ Certain assets will be liquidated as follows:

2. In addition to the above specified Plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $0.00 from the sale of property known and designated as          . All sales shall be completed by        , 20    . If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Any nonexempt recovery form debtor's potential workers comp claim.

2. **SECURED CLAIMS**

    A. **Pre-Confirmation Distributions** *Check One*

    ☒ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*
    ☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a Proof of Claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial Plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor** *Check One*

☐ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*
☒ Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Nationstar Mortgage, LLC | 407 Pauline Drive Red Lion, PA 17356 | 8502 |
| PSECU | 2019 Honda Pilot | 0001 |
| PSECU | 2018 Dodge Challenger | 0002 |
| Fulton Bank, NA | 2018 Nissan Altima | 0624 |
| Citadel Credit Union | 2018 Toyota Corolla | 0001 |
| Ally Financial, Inc. | 2019 Jeep Renegade | 4928 |

**C. Arrears (Including, but not limited to, Claims Secured by Debtor's Principal Residence)** *Check One*

☒ None. *If "None" is checked, the rest of §2.C need not be completed or reproduced.*
☐ The Trustee shall distribute to each Creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the Creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

**D. Other Secured Claims (Conduit Payments and Claims for Which a §506 Valuation is Not Acceptable, etc.)** *Check One*

☒ None. *If "None" is checked, the rest of §2.D need not be completed or reproduced.*
☐ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition dated and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law discharge under §1328 of the Code.

2. In addition to payments of the allowed secured claim, present value interest pursuant to 11 U.S.C §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the Court will determine the present value interest rate and amount at the Confirmation Hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |

E. **Secured Claims for Which a §506 Valuation is Applicable** *Check One*

☒ None. *If "None" is checked, the rest of §2.E need not be completed or reproduced.*

☐ Claims listed in the subsection are debts secured by property not described in §2.D of this Plan. These claims will be paid in the Plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the Creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the Plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity or the allowed secured claim for each claim listed below will be determined by the Court at the Confirmation Hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary, or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

F. **Surrender of Collateral** *Check One*

☐ None. *If "None" is checked, the rest of §2.F need not be completed or reproduced.*

☒ The Debtor elects to surrender to each Creditor listed below in the collateral that secures the Creditor's claim. The Debtor requests that upon confirmation of this Plan or upon approval of any modified plan, the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Mariner Finance | Various Personal Items |

G. **Lien Avoidance** *Do not use for mortgages or for statutory liens, such as tax liens. Check One of the Following Lines*

☒ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*

☐ The Debtor moves to void the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to §522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder |  |
|---|---|
| Lien Description |  |

| | |
|---|---|
| for Judicial Liens, include court and docket number | |
| Description of Liened Property | |
| Liened Asset Value | |
| Sum of Senior Liens | |
| Exemption Claim | |
| Amount of Lien | |
| Amount Avoided | |

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's Fees</u>. *Complete Only One of the Following Options*

      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,572.00 in the Plan. This represents the unpaid balance of the presumptively reasonable fee specified in LBR 2016-2(c); or
      b. $0.00 per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between Debtor and the Attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to LBR 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check One*

      ☒ None. *If "None" is checked, the rest of §3.A.3 need not be completed or reproduced.*
      ☐ The following administrative claims will be paid in full:

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |

   B. **Priority Claims (including certain Domestic Support Obligations)**

   Allowed unsecured claims entitled to priority under §1322(a) will be paid in full unless modified under §9

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| PA Department of Revenue | $4,705.88 |

   C. **Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. §507(1)(a)(B)** Check *One*

      ☒ None. *If "None" is checked, the rest of §3.C need not be completed or reproduced.*
      ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This Plan provision requires that payments in §1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

4. **UNSECURED CLAIM**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified**</u> *Check One*

   ☒ None. *If "None" is checked, the rest of §4.A need not be completed or reproduced.*
   ☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the Proof of Claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** *Check One*

   ☒ None. *If "None" is checked, the rest of §5 need not be completed or reproduced.*
   ☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the Plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE**
   **Property of the estate will vest in the Debtor upon:** *Check the Applicable Line*

   ☐ Plan Confirmation
   ☒ Entry of Discharge
   ☐ Closing of Case

7. **DISCHARGE** *Check One*

   ☒ The Debtor will seek a discharge pursuant to §1328(a).
   ☐ The Debtor is not eligible for a discharge because the Debtor has previously received a discharge described in §1328(f).

8. **ORDER OF DISTRUBITION**

   If a pre-petition Creditor files a secured, priority or specifically classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the Plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above levels are filled in, the rest of §8 need not be completed or produced.* If the above levels are not filled-in, then the Order of Distribution of Plan payments will be determined by the Trustee using the following as a guide:

Level 1: adequate protection payments
Level 2: Debtor's attorney's fees
Level 3: Domestic Support Obligations
Level 4: priority claims, pro rata
Level 5: secured claims, pro rata
Level 6: specifically classified unsecured claims
Level 7: timely filed general unsecured claims
Level 8: untimely filed general unsecured claims to which the Debtor has not objected

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the Plan is void. (NOTE: The Plan and any attachment must be filed as one document, not as a Plan and Exhibit.)**


Dated: August 17, 2022

/s/ Paul D. Murphy-Ahles
_____
Attorney for Debtor

/s/ Douglas Stephen Taylor
_____
Debtor 1

/s/ Noelle Denise Taylor
_____
Debtor 2

By filing this document, the Debtor, if not represented by an Attorney, or the Attorney for Debtor also certifies that this Plan contains no nonstandard provisions other than those set out in §9.

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Douglas Stephen Taylor<br>**Debtor 1**<br>Noelle Denise Taylor<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:22-BK-00900-HWV<br><br>**Matter:** First Amended Plan |

## NOTICE

Notice is hereby given that:

The Debtor(s) filed a Chapter 13 Bankruptcy Petition on **May 13, 2022**.

A hearing on the above-referenced matter has been scheduled for:

| | |
|---|---|
| **United States Bankruptcy Court**<br>**Ronald Reagan Federal Building**<br>**Bankruptcy Courtroom (3rd Floor)**<br>**Third & Walnut Streets**<br>**Harrisburg, PA 17101** | **Date: September 28, 2022**<br><br>**Time: 9:30 AM** |

Any objection/response to the above-referenced matter must be filed and served on or before **September 21, 2022**.

*Evidentiary hearings will not be conducted at the time of the Confirmation Hearing. If it is determined at the Confirmation Hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.*

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Request to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: August 19, 2022

Paul D. Murphy-Ahles, Esquire
PA ID No. 201207
DETHLEFS PYKOSH & MURPHY
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446
pmurphy@dplglaw.com
*Attorney for Debtor(s)*

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Douglas Stephen Taylor<br>**Debtor 1**<br>Noelle Denise Taylor<br>**Debtor 2** | **Chapter** 13<br><br>**Case No.** 1:22-BK-00900-HWV<br><br>**Matter:** First Amended Plan |

### CERTIFICATE OF SERVICE

I hereby certify that on Friday, August 19, 2022, I served a true and correct copy of the **First Amended Chapter 13 Plan and Notice of Opportunity to Object and Hearing** in this proceeding via electronic means or USPS First Class Mail upon the recipients as listed in the Mailing Matrix.

/s/ Kathryn S. Greene

Kathryn S. Greene, RP®, Pa.C.P.
Paralegal for Paul D. Murphy-Ahles, Esquire

```
Label Matrix for local noticing          Ally Bank, c/o AIS Portfolio Services, LP    PRA Receivables Management, LLC
0314-1                                   4515 N Santa Fe Ave. Dept. APS               PO Box 41021
Case 1:22-bk-00900-HWV                   Oklahoma City, OK 73118-7901                 Norfolk, VA 23541-1021
Middle District of Pennsylvania
Harrisburg
Fri Aug 19 14:25:23 EDT 2022
```

U.S. Bankruptcy Court
Ronald Reagan Federal Building
228 Walnut St, Rm 320
Harrisburg, PA 17101-1737

```
                                         Abrahamsen Gindin, LLC                       Ally Bank
                                         245 Main Street, Suite 100                   AIS Portfolio Services, LP
                                         Scranton, PA 18519-1641                      4515 N Santa Fe Ave. Dept. APS
                                                                                      Oklahoma City, OK 73118-7901
```

Ally Bank c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Ally Financial, Inc.
Ally Detriot Center
500 Woodward Avenue
Detroit, MI 48226-3416

```
                                                                                      Brickhouse OpCo I LLC
                                                                                      4053 Maple Road Suite 122
                                                                                      Amherst, NY 14226-1058


CBNA / Best Buy                          CBNA / The Home Depot                        Capital One Bank (USA), N.A.
50 Northwest Point Road                  PO Box 6497                                  by American InfoSource as agent
Elk Grove Village, IL 60007-1032         Sioux Falls, SD 57117-6497                   PO Box 71083
                                                                                      Charlotte, NC  28272-1083
```

Capital One Bank USA, NA
PO Box 30285
Salt Lake City, UT 84130-0285

```
                                         (p)JPMORGAN CHASE BANK  N A
                                         BANKRUPTCY MAIL INTAKE TEAM
                                         700 KANSAS LANE FLOOR 01
                                         MONROE LA 71203-4774
```

Citadel Credit Union
405 West Lincoln Highway
Parkesburg, PA 19365-1778

```
Citadel Credit Union                     Citibank, N.A.
ATTN: Collections                        5800 S Corporate Pl
520 Eagleview Blvd                       Sioux Falls, SD  57108-5027
Exton, PA 19341-1119
```

Citibank, NA
PO Box 6241
Sioux Falls, SD 57117-6241

```
Comenity Bank / Hot Topic                Comenity Bank / Lane Bryant                  Comenity Bank / One Stop
Attn: Bankruptcy Department              Attn: Bankruptcy Department                  Attn: Bankruptcy Department
PO Box 182125                            PO Box 182125                                PO Box 182125
Columbus, OH 43218-2125                  Columbus, OH 43218-2125                      Columbus, OH 43218-2125


Country Door                             Discover Bank                                Discover Bank
c/o Creditors Bankruptcy Service         Discover Products Inc                        PO Box 3025
P.O. Box 800849                          PO Box 3025                                  New Albany, OH 43054-3025
Dallas, TX 75380-0849                    New Albany, OH  43054-3025


Fulton Bank, NA                          Goldman Sachs Bank USA                       JPMorgan Chase Bank, N.A.
1 Penn Square                            PO Box 70321                                 s/b/m/t Chase Bank USA, N.A.
PO Box 4887                              Philadelphia, PA 19176-0321                  c/o Robertson, Anschutz & Schneid, P.L.
Lancaster, PA 17604-4887                                                              6409 Congress Avenue, Suite 100
                                                                                      Boca Raton, FL 33487-2853


LVNV Funding, LLC                        MECU Credit Union                            MECU of Baltimore
Resurgent Capital Services               1 South Street, 14th Floor                   1 South Street
PO Box 10587                             Baltimore, MD 21202-3298                     Baltimore, MD 21202-3298
Greenville, SC 29603-0587
```

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Mariner Finance
8211 Town Center Drive
Nottingham, MD 21236-5904

Merrick Bank
PO Box 9201
Old Bethpage, NY 11804-9001

(p)NATIONSTAR MORTGAGE LLC
PO BOX 619096
DALLAS TX 75261-9096

OneMain Financial
601 NW 2nd Street
PO Box 3251
Evansville, IN 47731-3251

OneMain Financial
PO Box 3251
Evansville, IN 47731-3251

PSECU
1500 Elmerton Avenue
PO Box 67013
Harrisburg, PA 17106-7013

PSECU
PO BOX 67013
HARRISBURG, PA 17106-7013

Pennsylvania Department of Revenue
Bankruptcy Division PO Box 280946
Harrisburg, Pa.  17128-0946

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Seventh Avenue
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

Seventh Avenue / Country Door
1112 7th Avenue
PO Box 2845
Monroe, WI 53566-8045

Seventh Avenue / Stoneberry
1112 7th Avenue
PO Box 2845
Monroe, WI 53566-8045

Seventh Avenue / Swiss Colony
1112 7th Avenue
PO Box 2845
Monroe, WI 53566-8045

Stoneberry
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank / Care Credit
Attn: Bankruptcy Department
PO Box 965060
Orlando, FL 32896-5060

TD Bank USA / Target Card
PO Box 673
Minneapolis, MN 55440-0673

TD Bank USA, N.A.
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

(p)US DEPARTMENT OF HOUSING & URBAN DEVELOPME
ATTN OFFICE OF REGIONAL COUNSEL
THE WANNAMAKER BUILDING
100 PENN SQUARE EAST--11TH FLOOR
PHILADELPHIA PA 19107-3325

US Department of Education
Attn: Claims Filing Unit
PO Box 8973
Madison, WI 53708-8973

United States Department of Education
Claims Filing Unit
PO Box 8973
Madison, WI 53708-8973

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101-1722

Douglas Stephen Taylor
407 Pauline Drive
Red Lion, PA 17356-9676

(p)JACK N   ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

Noelle Denise Taylor
407 Pauline Drive
Red Lion, PA 17356-9676

Paul Donald Murphy-Ahles
Dethlefs Pykosh & Murphy
2132 Market Street
Camp Hill, PA 17011-4706

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Card<br>PO Box 15298<br>Wilmington, DE 19850 | Nationstar Mortgage LLC<br>P.O. Box 619096<br>Dallas, TX 75261-9741 | (d)Nationstar Mortgage, LLC<br>d/b/a Mr. Cooper<br>PO Box 619096<br>Dallas, TX 75261-9741 |
| Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 | U.S. Department of Housing and Urban Develop<br>100 Penn Square East<br>Philadelphia, PA 19107 | Jack N Zaharopoulos (Trustee)<br>Standing Chapter 13 Trustee<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Commonwealth of Pennsylvania, Department o | (u)NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER | (d)Mariner Finance, LLC<br>8211 Town Center Drive<br>Nottingham, MD 21236-5904 |

End of Label Matrix
Mailable recipients   56
Bypassed recipients    3
Total                 59